IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **BRENNER PROPERTIES, LLC** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | Civil Action No.: 7:12cv00597 |
| | ) | |
| v. | ) | |
| | ) | |
| **THE CHARTER OAK FIRE** | ) | By: Hon. Robert S. Ballou |
| **INSURANCE COMPANY** | ) | United States Magistrate Judge |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

This action was originally filed in the Circuit Court of Wythe County. Plaintiff, Brenner Properties, LLC ("Brenner Properties"), sought a declaratory judgment that Defendant, The Charter Oak Fire Insurance Company ("Charter Oak"), owed a duty to defend and indemnify it in connection with a pending tort action against Stephanie Brenner and Brenner Properties filed by Tiffany M. Eve ("Eve") for injuries received from a horse riding accident on February 27, 2010. <u>Tiffany M. Eve v. Brenner Properties, LLC and Stepahanie Brenner</u>, CL12000034-00 (the "Tort Action"). Charter Oak removed the declaratory action to this Court on December 5, 2012 (Dkt. No. 1) and filed a Counterclaim seeking a declaration that its liability insurance policy provided no coverage for either Brenner Properties or Stephanie Brenner (Dkt. No. 3). Charter Oak did not seek leave to add Stephanie Brenner as a party at that time. Thereafter, Brenner Properties moved for leave to amend the Complaint to join Eve as a defendant and for the Court to realign Eve as a party plaintiff (Dkt. No. 10). This Court granted the motion for leave to amend the Complaint to add Eve and any other necessary parties (Dkt. No. 12). Brenner

Properties then filed an Amended Complaint on February 19, 2013 naming Stephanie Brenner, Eve, and Charter Oak as defendants (Dkt. No. 15).

The issue now before the Court is Plaintiff's request to realign the parties in accordance with the actual issues in controversy. Both Stephanie Brenner and Eve contend that the Charter Oak liability insurance policy provides coverage to Brenner Properties and Stephanie Brenner individually for any liability arising from the Tort Action. "The Fourth Circuit has adopted the principal purpose test for realignment of parties, under which the court determines the primary issue in controversy and then aligns the parties with respect to their positions on that issue." Brave Ventures, LLC v. Ambrester, 854 F. Supp. 2d 356, 358 (E.D. Va. 2012) (citing U.S. Fid. & Guar. Co. v. A & S Mfg. Co., 48 F.3d 131, 133 (4th Cir. 1995)).

Eve is not a party to the insurance agreement, but she has an interest as the plaintiff in the Tort Action in establishing coverage for the purported tortfeasor so as to maximize her potential recovery. Establishing coverage under the insurance policy would provide Eve with a means of compensation if she prevails in the Tort Action. Eve, Stephanie Brenner, and Brenner Properties thus have a shared interest in establishing insurance coverage. Realigning the parties to name both Eve and Stephanie Brenner as plaintiffs in this declaratory judgment action is therefore proper. See id. (realigning the parties in the same manner in a similar insurance contract declaratory judgment action (citing Lott v. Scottsdale Ins. Co., 811 F. Supp. 2d 1220, 1224 (E.D. Va. 2011)).

Having carefully reviewed the record and finding realignment to be proper, it is hereby

**ORDERED** that the Clerk **REALIGN** nominal defendants Tiffany M. Eve and Stephanie Brenner as plaintiffs and counter-defendants in this action.

Entered:  May 13, 2013

/s/ Robert S. Ballou

Robert S. Ballou
United States Magistrate Judge